## EX PARTE LEROY.

APPEAL from a decision of Mr. Justice MacLeary denying a petition for a writ of *habeas corpus.*

No. 382.—Decided November 3, 1911.

RETROACTIVE EFFECT OF LAW—CREDITING TIME SERVED WHILE AWAITING TRIAL.— The Act of March 14, 1907, "To compute as part of the sentence of prisoners the period spent in custody awaiting trial," is not applicable to cases already decided or to prisoners already deprived of liberty under a former judgment, for it is a principle sacred to American jurisprudence and enacted in section 3 of the Civil Code that laws have no retroactive effect unless they expressly so provide.

ID.—JUDICIAL ORDER OF FEBRUARY 10, 1899—CREDIT OF TIME SERVED WHILE AWAITING TRIAL.—Rule V of the Judicial Order of February 10, 1899, providing that prisoners shall be credited with the entire time they may have served while awaiting trial, was repealed by the new Penal Code which went into effect on July 1, 1902, and the ends sought by the said judicial order have been attained by the provisions of the new Code of Criminal Procedure.

The facts are stated in the opinion.

*Mr. Herminio Díaz Navarro* for appellant.

*Mr. Jesús M. Rossy,* prosecuting attorney, for The People.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Carlos Leroy is confined in the penitentiary of this Island serving a sentence imposed upon him by the District Court of Ponce on October 24, 1905. That sentence, which was for 30 years' imprisonment, was commuted to 10 years by an order of the Governor of this Island issued September 25, 1909. Leroy began to serve his sentence on the date of the judgment, October 24, 1905, and, according to a certificate of the warden of the penitentiary dated August 1, 1911, inas-

much as he had at that time already served five years nine
months and seven days, and the time with which he should
be credited was three years three months and twenty-three
days, he had served nine years and one month already, and,
with good behavior, would complete the entire term of his im-
prisonment on July 1, 1912.

On August 7 last, Leroy petitioned Mr. Justice MacLeary
of this court for a writ of *habeas corpus* for his immediate
release, alleging that his imprisonment was illegal for the
reason that he had not been credited with the time he served
while awaiting trial, i. e., from November 24, 1904, when he
was arrested, to October 24, 1905, when he was sentenced, or
11 months' imprisonment while awaiting trial, and that had
he been so credited he would have served already the entire
term of the sentence.

The petition for *habeas corpus* having been heard, a de-
cision was rendered on August 12 dismissing it and ordering
that the petitioner continue in prison until his term was ex-
tinguished. From this decision an appeal was taken to this
court.

The only legal question at issue in this appeal is whether
the Act approved March 14, 1907, "To compute as part of the
sentence of prisoners the period spent in custody awaiting
trial," is applicable to the case of the appellant, Leroy, as
was urged by his attorney before our colleague; and, if not,
whether the order of February 10, 1899, may be invoked in
favor of Leroy, as was contended also by counsel for the
petitioner during the hearing of the appeal in this court.

We are of the opinion that neither the Act of March 14,
1907, nor the Judicial Order of February 10, 1899, can be ap-
plied to this case.

The Act of March 14, 1907, is drawn in the following
terms:

"An Act to Compute as Part of the Sentence of Prisoners the
Period Spent in Custody Awaiting Trial. *Be it Enacted by the Legis-
lative Assembly of Porto Rico:*

"Section 1. Whenever a person is accused of any offenses and is placed under bond awaiting trial, but by reason of poverty is unable to secure bondsmen and is therefore held in custody while awaiting trial, and is thereafter sentenced to a term of imprisonment, such term of imprisonment shall be reduced by the time already spent in custody from the time of arrest to the time when final sentence is rendered.

"Section 2. All laws and parts of laws in conflict with this Act are hereby repealed.

"Section 3. This act shall take effect April 1, 1907.

"Approved March 14, 1907."

As may be seen, section 3 of this act provides that it shall take effect at a future time—that is to say, 16 days after its approval—and section 1, by referring to the future—"Whenever a person is accused of any offense and is thereafter sentenced to a term of imprisonment"—clearly shows that the act looks forward and not backward as regards its effect and enforcement, and there is no word in the text of said act showing that it was the intention of the legislature to give it a retroactive effect or to apply it to cases already decided or to persons who have already been deprived of their liberty under a former judgment; and we cannot give a retroactive effect to the act in question thereby extending its benefits to the petitioner, because section 3 of our Civil Code, which reenacts a similar provision of the Spanish Civil Code, provides that laws shall not have a retroactive effect unless there is an express provision to that effect. We find this principle accepted by American jurisprudence in the case of *Reynolds* v. *McArthur,* 27 U. S., 434 (2 Pet.), in which Mr. Chief Justice Marshall says:

"It is a principle which has always been held sacred in the United States, that laws by which human action is to be regulated, look forwards, not backwards; and are never to be construed retrospectively, unless the language of the act shall render such construction indispensable."

We fully agree with the grounds set forth in the opinion

which is the basis of the decision appealed from, and for that reason we will say that after a careful examination of the entire Act of March 4, 1907, invoked by the prisoner to se·cure his release, we are constrained to reach the conclusion that it was not the intention of the legislature to extend said act and the benefits thereof to a prisoner who had never been admitted to bail and who was not in custody for lack of bail while awaiting trial.

The Judicial Order of February 10, 1899, based on the fact that our jails were absolutely devoid of sanitary conditions and were crowded with men, most of whom were undergoing temporary imprisonment, was issued for the purpose ·of simplifying the preliminary proceedings and, above all, shortening temporary imprisonment, with which ends in view it contains several rules amending some of the provisions of the law then in force.

Rule V, in point here, literally says:

"In the final judgment the accused shall always be allowed the full benefit of the time spent by him in temporary confinement."

That is the section which has been invoked in this court by counsel for the petitioner in support of his petition, and he holds that it should be applied because it has not been repealed by either the Penal Code or the Code of Criminal Procedure now in force.

Let us now review the *histórico*-legal antecedents of the rule or section transcribed.

When by Royal Decree of May 23, 1879, it was ordered that the Revised Penal Code of 1870, with such amendments as might be deemed proper, should go into effect in the Islands of Cuba and Porto Rico, it was also ordered that the *Provisional Law of Criminal Procedure for the application of said code,* with the changes recommended, should also be observed; and that provisional law contains *a number of rules made,* as therein stated, *for the application of the Penal Code in the Islands of Cuba and Porto Rico, which rules shall*

*be observed until such time as the Codes of Procedure and the law organizing the courts of justice shall have been promulgated.*

No. XCIII of the rules of said provisional law reads as follows:

"Criminals hereafter sentenced to imprisonment shall be credited in serving their sentences with one-half of the time they had been imprisoned previously, and receive the benefit of any fractional part of a day resulting from the deduction. This benefit shall also apply to those sentenced to imprisonment as a substitute penalty in lieu of the payment of a fine.

"The following shall not enjoy these benefits:

"1. Those formerly convicted of the same crime;

"2. Those who have been sentenced formerly for another crime to a penalty equal to or exceeding that which has been newly imposed upon them;

"3. Absent criminals who, having been summoned in due legal form, have not presented themselves voluntarily;

"4. Those convicted of grand larceny, petty larceny, and theft of one hundred *pesetas* or more.

"The court shall apply the foregoing provisions at the end of the sentences pronounced by them in accordance with the provisions of the code and of this law, and prosecuting attorneys shall bear them in mind and apply them as they may see fit in their reports on the condition of prisoners."

The provisional law for the application of the Penal Code of 1870 was substituted by the Code of Criminal Procedure for the Islands of Cuba and Porto Rico which went into effect on January 1, 1899, by virtue of a Royal Decree of October 19 of the previous year, and the courts of this Island continued to enforce Rule XCIII hereinbefore quoted.

That was the rule which was radically amended by Rule V of the Judicial Order of February 10, 1899, and hence if the former rule was one of those issued for the application of the provisions of the Penal Code until such time as the Code of Procedure should be promulgated, the latter should have the same legal effect.

We are therefore of the opinion that Rule V, invoked by the petitioner to have his term credited with the time which he served while awaiting trial, was made for the application of the Penal Code then in force, but as this code was repealed by that of 1902 the rule cited cannot continue in force.

In addition to the foregoing, we must bear in mind that the Penal Code of 1902, which comprises an entirely new and complete system of penal laws, contains provisions such as those appearing in sections 372 and 373 permitting the release of prisoners under bail, with the only exception of cases where the crime alleged to have been committed is punishable by death, and this was permitted neither by the old Code of Criminal Procedure nor by the Judicial Order of February 10, 1899.

Section 448 of the new Code of Criminal Procedure also recognizes certain rights of an accused person where the information has not been made within the period of 60 days from the time of his arrest, and where he has not been brought to trial within 120 days after the filing of the information—rights which the old Code of Procedure did not recognize.

All the above-mentioned legal provisions tend to shorten cases of temporary imprisonment and to check the prolongation thereof, thus attaining the ends sought by the Judicial Order of February 10, 1899, and Rule V of said order, we repeat, was repealed from the moment that the new Penal Code went into effect inasmuch as it was issued for the sole purpose of governing the application of the old code.

And we should state, as Mr. Justice MacLeary stated in his opinion, that we have not made any calculation as to the reduction to which the prisoner is entitled under the Act of March 14, 1907, fixing the reduction in the sentences of prisoners in penal institutions in Porto Rico and establishing a parole system for, we presume, the calculation made by the warden of the penitentiary to be correct, especially in view

of the fact that the reduction was not challenged by the prosecuting attorney.

For the reasons above stated we are of the opinion that the decision appealed from should be affirmed.

*Affirmed.*

Justices Wolf and Aldrey concurred.

Justices MacLeary and del Toro did not take part in the decision of this case.